UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 06 CR 684-09 |
| v. ) | |
| ) | Chief Judge Rubén Castillo |
| JOHN TIGER, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Presently before the Court is the *pro se* motion of John Tiger seeking a modification of his sentence under 18 U.S.C. § 3582(c)(2). (R. 1201.) For the following reasons, the motion is denied.

The Court has limited authority to modify a sentence after it is imposed. *See* 18 U.S.C. § 3582(c). However, a sentence may be modified under the following circumstances:

> In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). A reduction in a defendant's sentence is not authorized under 18 U.S.C. § 3582(c)(2), and is not consistent with the applicable policy statements, if the amendment would not have the effect of lowering the defendant's applicable guideline range. U.S.S.G. § 1B1.10, Application Note 1(A).

Tiger is serving a 96-month sentence for two counts of using a communications device to facilitate the commission of a felony—namely, conspiracy to distribute a controlled substance—

in violation of 21 U.S.C. § 843(b). (R. 917, Judgment.) At present, he seeks modification of his sentence pursuant to Amendment 782, which reduced the base offense levels assigned to drug quantities listed in U.S.S.G. § 2D1.1 by two levels.[1] *See* U.S.S.G. § 1B1.10(d); *id.*, Suppl. to App'x C, amend. 782 (2014).

Upon review, Amendment 782 does not have the effect of lowering Tiger's guideline range because he was not sentenced on the basis of the drug quantities listed in § 2D1.1. Rather, he was sentenced to a stipulated term based on a plea agreement entered under Federal Rule of Criminal Procedure 11(c)(1)(C). (R. 573, Plea Agreement.) A defendant who pleads guilty pursuant to a Rule 11(c)(1)(C) plea agreement is not eligible for a sentencing reduction under Amendment 782, "unless the agreement calls for the defendant to be sentenced within a particular guidelines range or specifies that the agreed sentence resulted from applying the guidelines." *United States v. Owens*, 640 F. App'x 503, 504 (7th Cir. 2016). Tiger's plea agreement did not tie his sentence to a particular guideline range, and instead simply stated that the parties had agreed to a term of 96 months.[2] (R. 573, Plea Agreement at 10.) He is therefore ineligible for relief under Amendment 782. *Owens*, 640 F. App'x at 504; *see also United States v. Scott*, 711 F.3d 784, 787 (7th Cir. 2013) ("A defendant who agrees to a specific sentence in a plea agreement under Rule 11(c)(1)(C) generally is not eligible to receive a reduced sentence under § 3582(c)(2) because that statute does not grant relief for sentences based not on a guidelines range, but on an agreed term.").

---

[1] The Court has reviewed the attachments to Tiger's motion and commends him for the efforts he has made to rehabilitate himself while in prison, including taking advantage of numerous educational opportunities and completing a 500-hour drug treatment program. (*See* R. 1201 at 6-20.)

[2] In fact, Tiger's guideline range was preliminarily calculated at a significantly higher range of 135-168 months. (*See* R. 573, Plea Agreement at 9.)

2

## CONCLUSION

For these reasons, John Tiger's *pro se* motion for modification of his sentence (R. 1201) is DENIED.

ENTERED: _____
**Chief Judge Rubén Castillo**
**United States District Court**

**Dated: February 3, 2017**